**Wagner D. JACKSON, Jr.,**
**Plaintiff pro se,**

v.

**UNITED STATES ATTORNEY'S OFFICE, District of New Jersey, et al. Defendants.**

**No. CIV. 00–1315(RJL).**

United States District Court,
District of Columbia.

Feb. 23, 2005.

Wagner D. Jackson, Jr., Silver Spring, MD, for Plaintiff.

Dorann E. Banks, U.S. Attorney's Office, Civil Division, Marianela Peralta, U.S. Attorney's Office for the District of Columbia, Michael C. Johnson, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court are the parties' renewed cross motions for summary judgment regarding whether the government conducted a sufficient search to satisfy its Freedom of Information Act ("FOIA") obligations. For the following reasons, the Court GRANTS summary judgment in favor of the plaintiff.

### BACKGROUND

The relevant facts relating to these motions are straight forward and were set forth in greater particularity in this Court's initial decision in this case in August 2003. *Jackson v. U.S. Attorneys Office*, 293 F.Supp.2d 34 (D.D.C.2003). Suffice it to say that the plaintiff, Mr. Jackson, asked the United States Attorney for the District of New Jersey ("USAO/NJ") to investigate allegations of perjury by witnesses of a company, "The Right Stuff," he sued for racial discrimination. Patty Schwarz, the Chief of the USAO/NJ Criminal Division referred the matter to the Federal Bureau of Investigation ("FBI") for investigation.

In May 1999, Mr. Jackson learned from Special Agent Brad Orsini of the FBI's office in Newark that Ms. Schwarz had issued a written directive to terminate the investigation ("written directive"). To date, however, the written directive has not been produced to Mr. Jackson in response to his FOIA request, which sought "copies of all non-privileged documents relating to [the] decision [of the USAO to not prosecute plaintiff's perjury complaint]." Pl. Mot. for Summ. J. Attachment 3 at 9.

### ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting FED. R. CIV. P. 56). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When a plaintiff challenges the adequacy of the FOIA search conducted by an agency, the government is entitled to summary judgment only if it shows that the search conducted was "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C.Cir.1983). Although the agency's search need not be an exhaustive search, the Court's determination of adequacy will depend on the facts and circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C.Cir.1990).

When the sufficiency of a search is challenged, as here, the government has the burden of establishing beyond a material doubt that the search was reasonable. *Id.* at 542. An agency's search is unrea-

sonable if it fails to follow through on obvious leads to discover requested documents. *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 325 (D.C.Cir.1999). The D.C. Circuit has found that "[w]hen all other sources fail to provide leads to the missing record, agency personnel should be contacted if there is a close nexus . . . between the person and the particular record." *Id.* at 328.

In response to this Court's Memorandum Opinion and Order on August 30, 2003, the government supplemented the record with the Declaration of Lisa H. Jones, a Paralegal Specialist with the USAO/NJ. Jones Decl. ¶ 1. Ms. Jones stated that neither Ms. Schwarz, nor the Paralegal Specialist who originally handled the Jackson FOIA request, were still with the USAO/NJ. Jones Decl. ¶ 6. Further, Ms. Jones described the searches and contacts made by the original Paralegal Specialist. *Id.* Moreover, Ms. Jones "conduct[ed] a second search for records responsive to Mr. Jackson's FOIA/PA request to determine the location of any and all files *relating to him.*" *Id.* ¶ 8. Ms. Jones identified the individuals she spoke with relating to this matter and described the electronic searches she conducted. *Id.* ¶¶ 7–11. Ms. Jones ultimately concluded that "[t]here were no other places . . . to search for records pertaining to Mr. Jackson and no other files likely to contain responsive materials." *Id.* ¶ 12. However, there is nothing in the record to demonstrate: (1) that USAO/NJ conducted searches relating to the witnesses for "The Right Stuff," who were supposedly the subject of the perjury investigation that Ms. Schwarz purportedly terminated with a written directive; and (2) that USAO/NJ contacted, by telephone or in person, either Ms. Schwarz, who allegedly wrote the written directive, or Special Agent Orsini, who told Mr. Jackson about the written directive.

Accordingly, the Court is not convinced that the search conducted for documents "pertaining to Mr. Jackson" was reasonably likely to turn up potential documents relating to the investigation Mr. Jackson requested against the witnesses for "The Right Stuff." The Court thus finds that USAO/NJ failed to adequately conduct a search that would produce documents responsive to Mr. Jackson's FOIA request.

Moreover, because there is a close nexus between Ms. Schwarz, Special Agent Orsini, and the written directive that has yet to be produced, this Court finds that the USAO/NJ's search was *per se* unreasonable because the agency failed to contact either Ms. Schwarz or Special Agent Orsini regarding the whereabouts of the written directive. Accordingly, the plaintiff's Second Motion for Summary Judgment is granted and the defendants' Renewed Motion for Summary Judgment is denied.

### *ORDER*

For the reasons set forth above, it is this ___ day of February, 2004 hereby

**ORDERED** that the Plaintiff's Second Motion for Summary Judgment [# 35] is **GRANTED,** and it is further

**ORDERED** that the Defendant's Renewed Motion for Summary Judgment [# 33] is **DENIED,** and it is further

**ORDERED** that the defendant conduct searches in its files and directories relating to the investigation(s) initiated as a result of Mr. Jackson's complaint alleging perjury violations against the witnesses of "The Right Stuff." The USAO/NJ has 90 days to produce any responsive information or documents resulting from these searches to Mr. Jackson, and it is further

**ORDERED** that the defendant contact and discuss the written directive with Ms. Schwarz and Special Agent Orsini. The

USAO/NJ has 90 days to either produce the written directive or to produce written affidavits from Ms. Schwarz and Special Agent Orsini regarding the prior existence, and present whereabouts, of the written directive, and it is further

**ORDERED** that judgment be entered in favor of the plaintiff.

**SO ORDERED.**